**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CR-108-HDC |
| ) | 07-CV-700-HDC |
| JASON DEANDRE FENNELL, JR., ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is the *pro se* motion of defendant Jason Deandre Fennell, Jr. to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 [Dkt.# 29].

Factual Background

On April 12, 2006, Tulsa Police Officers were dispatched to an apartment complex on a burglary complaint. The first officer to arrive at the complex, found three men in the subject apartment unit, one of which was defendant Fennell.  While the officer was escorting one of the men from the complex at the request of the manager, the officer observed Fennell driving out of the complex in a maroon vehicle.  The officer initially thought the vehicle matched the description of a car which recently had been reported stolen.  The officer directed Fennell to return to the complex. Upon his return, the officer determined that his vehicle was not the car reported stolen.  When Fennell exited the vehicle, the officers removed a 9-mm pistol and eight rounds of ammunition from a pouch attached to Fennell's waist.  The officer also located a syringe in Fennell's right front pants pocket, and eight small bags containing a total of 21.43 grams of methamphetamine (12% pure), and four small bags of marijuana totaling 18.89 grams from Fennell's waistband.

On July 9, 2006, defendant Fennell was named in a three count Indictment charging him in Count One with possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c); in Count Two with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(a)(1); and in Count Three with possession of a firearm and ammunition after former conviction of a felony, in violation of 18 U.S.C. § 922(g)(1) and 924(e).

Fennell met the classification of a Career Offender under USSG § 4B1.1.  His prior qualifying felony convictions include:

(1)   Possession of a controlled substance with intent to distribute on December 3, 1997, in Case No. CF-1997-835, in the District Court of Muskogee County.

(2)   Feloniously pointing a firearm on August 4, 1999, in Case No. CF-1999-237, in the District Court of Muskogee County.

(3)   Robbery with a firearm on August 4, 1999, in Case No. CF-1999-237 in the District Court of Muskogee County.

(4)   Possession of a controlled substance with intent to distribute on September 20, 2001, in Case No. CF-2001-792 in the District Court of Muskogee County.

During the pendency of this case, Fennell was also charged in Tulsa County District Court with First Degree Murder, in Case No. CF-2006-4963.

On August 11, 2006, Fennell's attorney, Assistant Public Defender Julia O'Connell filed a motion to suppress evidence seized during Fennell's arrest.  Fennell's motion and pretrial conference were set before Magistrate Judge Joyner for August 28, 2006. On the date of the pretrial conference,  Fennell entered into a written plea agreement with the government, and his pretrial conference was converted to a plea hearing.

Under the plea agreement, government agreed to dismiss Count Two if Fennell agreed to abandon his motion to suppress and plead guilty to Counts One and Three. Count Two, the §924(a)(1) offense, carried a mandatory minimum of five years and a maximum of life in prison which would run consecutive to any other sentence imposed in Counts One and Three. The government also agreed to recommend a two-level guideline reduction pursuant to USSG § 3E1.1(b), and to recommend that the defendant receive an additional one-level guideline reduction pursuant to § 3E1.1(b), provided Fennell demonstrated acceptance of responsibility. Further, the government agreed not to initiate additional criminal charges against the defendant that arose from its investigation of Fennell's actions charged in the Indictment. As agreed, on November 11, 2006, the government did file the motion for the one point reduction, pursuant to USSG § 3E1.1(b).

Without the plea agreement, if Fennell had elected to proceed to trial by jury and was convicted on all three counts, under the sentencing guidelines Fennell faced a sentence range of 360 months to life imprisonment. By Fennell's acceptance of the plea agreement, his maximum guideline sentencing was reduced from life imprisonment to 150 months imprisonment. On November 20, 2006, the Court sentenced Fennell to 150 months on Count One and 120 months on Count Three, to run concurrently.

Fennell did not appeal from the judgment entered in this case on December 4, 2006. His conviction became final ten days later on December 14, 2006. On December 12, 2007, Fennell mailed the subject § 2255 petition which was filed with the Court on December 14, 2007. The Court finds that this is Fennell's first § 2255 petition, and that his petition is timely filed.

Discussion

In his § 2255 petition, Fennell raises three claims of ineffective assistance of counsel, which in essence are as follows:

1) Fennell addresses the merits of his motion to suppress, and contends that had his attorney properly explained to him the protections afforded by the Fourth Amendment against unlawful detention and unreasonable search and seizure, he would have pursued his motion to suppress rather than enter a guilty plea.

2) Fennell contends his attorney coerced him into a guilty plea by advising him that if he did not plead guilty, in her opinion he would receive life imprisonment.

3) Fennell contends his attorney coerced him into pleading guilty by failing to advise him that he could appeal any decision of the trial court concerning his motion to suppress evidence.

In response government denies that Fennell's plea was not voluntarily and knowingly entered, and denies that Fennell was dissatisfied with his attorney, as evidenced by his responses to questions asked him by the magistrate judge at the plea hearing. In relying on *Hill v. Lockhart*, 474 U.S. 52 (1985), additionally, government contends that Fennell has failed to establish he suffered any prejudice by the decision not to pursue his motion to suppress, asserting he failed to offer any evidence that he likely would have succeeded on the merits of his motion to suppress. Having reviewed the record the Court finds as follows.

First, in regards to the merits of Fennell's motion to suppress evidence, the Court is reluctant to reopen the case through a § 2255 petition to review the validity of motions filed and waived during the preliminary stages of a case and after the guilty plea and sentencing have been completed. To do so, would render meaningless and useless all the sworn statements made by the defendant to the Court during the plea hearing. The purpose of a plea hearing, which includes the Court's meticulous inquiry of the defendant as to his motive and intent in entering a guilty plea, is

to safeguard the defendant from any coercion, misrepresentations, outside influences, or misdirections.  Defendant's rights under the Federal Constitution -- to a jury trial, government carrying the burden of proof, unanimous jury verdict, and appellate review -- are reviewed by the Court with the defendant during the plea hearing. The maximum statutory sentence the defendant is facing is disclosed.  These inquires are made to protect the defendant and to assure that his guilty plea is freely and understandably entered of record,  not only to make certain that his decision is of his own free will, but also to preclude  pretrial claims that have been or could have been made during the preliminary proceedings.  It is the absolute duty of the defendant to be honest and truthful with the Court during the plea hearing.  One of the inquires asked by the Court is whether the defendant has been threatened or coerced in any way to get him to plead guilty.  The Court receives all defendant's answers before the Court makes a determination  whether the defendant's guilty plea will be accepted.  In addition, before accepting a defendant's guilty plea, the defendant must admit to the commissions of the illegal activities to which he will plead guilty.

The Court has reviewed the transcript of the plea hearing before the magistrate, Fennell's petition to enter a plea of guilty which he executed on August 28, 2006, and the written plea agreement each of which are filed in this case.  All of the appropriate inquires were made by the magistrate  and acknowledged by the defendant.  Before the magistrate accepted  defendant's plea of guilty, he inquired whether the defendant's guilty plea was knowingly, voluntarily and intelligently entered.  After making certain inquiries as to the voluntariness of defendant's plea of guilty, the magistrate found that defendant's plea was voluntarily made.  At the plea hearing, the defendant acknowledge that he was waiving his right to file a direct appeal. In his petition to enter a plea of guilty, Fennell also acknowledged that by pleading guilty, he understood that he was

waiving all pretrial motions, and that he could not thereafter assert any such motion before the Court or on appeal.

At the plea hearing, the magistrate informed Fennell of the maximum statutory sentence he was facing and that the Court was not bound by the sentencing guidelines. As the record reflects, the defendant advised the magistrate that he was aware that the maximum sentence in his case was 20 years on the drug count and ten years on the firearm count. Fennell also acknowledged to the magistrate that he was satisfied with his counsel, he was aware of the charges brought against him, and that he was pleading guilty because he was in fact guilty.

Second, at the Court's directive, attorney O' Connell filed an affidavit in this case. Mrs. O'Connell attests that the motion to suppress was filed because she thought it had an arguable basis and that she fully discussed the motion with Fennell, including the arguments in support of and in opposition to the motion. She advised him that she could not guarantee that the Court would rule in his favor. She advised him that government would not agree to Fennell entering a conditional plea. She explained to Fennell that he could be facing up to life in prison, if he exercised his right to trial by jury and was found guilty on all three counts, and that by accepting government's proposed plea agreement he could be facing a maximum of 150 months, under the sentencing guidelines.

Third, based on the Court's extensive observation of attorney O'Connell in criminal proceedings, if Mrs. O'Connell believed Fennell's motion to suppress had value, she would have vigorously pursued it at the pretrial conference and on appeal, if necessary. The Court recalls that Fennell's motion to suppress was based solely on police reports. O'Connell introduced the motion to suppress by saying the facts were from those reports. It is uncommon for a motion to suppress

to be premised solely on police reports. No evidence was offered by Fennell to contradict the police reports. Limiting a suppression motion to police reports would indicate that the claim set forth in the motion was not well founded.

Fourth, as a general observation, Fennell's motion to suppress alleges that when Fennell was driving away from the complex, the officer "hollered" at him to come back. In his § 2255 petition, Fennell converts the officer's request for his return as a command or order, purportedly constituting an unlawful seizure. Fennell also converts a conversation he had with the officer while he was still inside his vehicle, which ultimately led to his apparent inadvertent admission that he possessed a firearm, to an unlawful search and detention when the officers asked him to get out of his vehicle. The officers certainly had reason, for their own safety, to pat down the defendant to locate the weapon. There are no allegations that the officers searched Fennell's vehicle. The evidence is limited to the officers conducting the pat down for the weapon.

Fennell's second claim is that Mrs. O'Connell forced him to plead guilty by telling him that he would receive a life sentence if he did not plead guilty. Mrs. O'Connell admits that she informed Fennell that under the sentencing guidelines the maximum sentence he could receive was life imprisonment. This was an accurate statement and necessary information for an attorney to advise a client. O'Connell denies that she attempted to predict or guarantee the sentence that Fennell could receive if he exercised his right to trial by jury. The transcript of the plea hearing before the magistrate clearly establishes that Fennell was informed of the maximum sentence he could receive under the plea agreement. The magistrate also informed Fennell that the sentencing guidelines, although advisory, may come into play and that the sentence which the Court could impose in this case "may be different from any estimate your attorney may have given you." The transcript

indicates that Fennell also acknowledged this fact. This should have dispelled any notion that Fennell would certainly face life imprisonment if he proceeded to trial. It is disingenuous for a defendant to later claim through a §2255 petition that he justifiably relied on his attorney's claim that he could be facing a mandatory life sentence if he proceeded to trial, when there is no evidence supporting his reliance on such a statement. The very purpose of the plea hearing is for the Court to address the defendant personally to nullify any wrong information he may have been told or heard from any other source.

Fennell's third claim that his attorney failed to advise him that he could appeal any decision of the Court concerning his motion to suppress is also disingenuous. By affidavit, Mrs. O'Connell denies this accusation. Mrs. O'Connell attests that she discussed with Fennell the strength and weakness of his motion to suppress, in conjunction with evaluating the risk of proceeding to trial and the potential consequence in obtaining a conviction on all three counts of the Indictment. Fennell's claims are merely conclusory allegations without any factual support, which are insufficient to support an ineffective assistance of counsel claim. See, *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant must show that his counsel's representation was deficient, and that such deficient performance prejudiced his defense. That is, counsel's performance "fell below an objective standard of reasonableness." United States v. Gordon, 4 F.3d 1567, 1570 (10th Cir.1993). Based on the record in this case, Fennell's claim that he relied on incomplete or inaccurate information from his attorney, is clearly not grounded in fact. Further, Fennell failed to offer any evidence to show that he was prejudice by the abandonment of his motion to suppress in favor of the plea agreement offered by the government. Accordingly, the

Court finds that Fennell has failed to establish his claim of ineffective assistance of counsel or that his sentence was imposed in violation of the Constitution or the laws of the United States, as required under 28 U.S.C. § 2255. [1]

The Court further finds that there is no need to hold an evidentiary hearing on the claims raised. Based on the findings set forth above, the Court concludes that defendant's motion to vacate, set aside or correct sentence [Dkt. # 29] pursuant to 28 U.S.C. § 2255 should be and hereby is **DENIED**.

IT IS SO ORDERED this 15th day of May, 2008.

HONORABLE H. DALE COOK
Senior United States District Judge

---

[1] Pending the Court's review of Fennell's § 2255 petition, Fennell wrote a letter to the Court claiming the transcript of the plea hearing before the magistrate was fabricated because it purportedly failed to show that Fennell objected to information contained in his pre-sentence report. The Court merely notes that the pre-sentence report was not prepared prior to Fennell's plea hearing nor at issue at that time.